UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

YOUA J. XIONG,
2002 South 13th Street, Apartment #A
Sheboygan, Wisconsin 53081,

**COMPLAINT AND JURY TRIAL DEMAND**

STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES,
A Governmental Agency
c/o Office of Legal Counsel
One West Wilson Street, Room 651
Madison, Wisconsin 53703,

Case Type: Personal Injury
Civil Case No. 2:19-cv-750

MANAGED HEALTH SERVICES INSURANCE CORP.,
10700 West Research Drive, Suite 300
Milwaukee, Wisconsin 53226
<u>Registered Agent</u>: CT Corporation System
301 South Bedford Street, Suite 1
Madison, Wisconsin 53703, and

HOSPITAL REIMBURSEMENT SERVICES, INC.,
250 Parkway Drive, Suite 168
Lincolnshire, IL 60069
**Registered Agent:** Neil J. Greene
250 Parkway Drive #168
Lincolnshire, IL 60069,

        Plaintiffs,

vs.

OHIO SECURITY INSURANCE COMPANY,
175 Berkeley Street
Boston, Massachusetts 02116
**Registered Agent:** Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, Wisconsin 53717,

GOUGH, INC.,
2200 East 88th Drive
Merrillville, Indiana 46410
**Registered Agent:** Raymond Gough
2200 East 88th Drive
Merrillville, Indiana 46410,

KYLE L. LEMONS,
7478 North 300 W
Michigan City, Indiana 46360, and

ARTISAN AND TRUCKERS CASUALTY COMPANY,
6300 Wilson Mills Road W33
Cleveland, Ohio 44143
**Registered Agent:** CT Corporation System
301 South Bedford Street, Suite 1
Madison, Wisconsin 53703,

        Defendants.

## COMPLAINT AND JURY TRIAL DEMAND

### PARTIES

I.

At all times mentioned, the Plaintiff, YOUA J. XIONG, was at the time of the incident and currently is domiciled at 2002 South 13th Street, Apartment #A, in the City of Sheboygan, in the State of Wisconsin 53081.

II.

At all times mentioned, the Plaintiff, STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES, was at the time of the incident and currently is a government agency with its principal place of business located at c/o Office of Legal Counsel, One West Wilson Street, Room 651, Madison, Wisconsin 53703, and upon information and belief, made medical payments on behalf of the Plaintiff, YOUA J. XIONG. The Plaintiff, YOUA J. XIONG, alleges doubt as to whether the Plaintiff, STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES, is truly subrogated or interested in this action.

2

III.

At all times mentioned, the Plaintiff, MANAGED HEALTH SERVICES INSURANCE CORP., was at the time of the incident and currently is a corporation with its principal place of business located at 10700 West Research Drive, Suite 300, Milwaukee, Wisconsin 53216, and upon information and belief, made medical payments on behalf of the Plaintiff, YOUA J. XIONG. The Plaintiff, YOUA J. XIONG, alleges doubt as to whether the Plaintiff, MANAGED HEALTH SERVICES INSURANCE CORP., is truly subrogated or interested in this action.

IV.

At all times mentioned, the Plaintiff, HOSPITAL REIMBURSEMENT SERVICES, INC., was at the time of the incident and currently is a corporation with its principal place of business located at 250 Parkway Drive, Suite 168, Lincolnshire, IL 60069, and upon information and belief, Franciscan Health Michigan City provided services to the Plaintiff, YOUA J. XIONG, and the Plaintiff, HOSPITAL REIMBURSEMENT SERVICES, INC., has a asserted a lien on behalf of Franciscan Heath Michigan City. The Plaintiff, YOUA J. XIONG, alleges doubt as to whether the Plaintiff, HOSPITAL REIMBURSEMENT SERVICES, INC. and/or Franciscan Health Michigan City, is truly subrogated or interested in this action.

V.

At all times relevant, OHIO SECURITY INSURANCE COMPANY, was at the time of the collision and currently is a corporation with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts, 02116 and had in effect a liability insurance policy covering the Defendants, GOUGH, INC., and KYLE L. LEMONS, against liability imposed upon them by law for damages caused by negligent acts and is therefore a proper party.

3

VI.

At all times mentioned, Defendant, GOUGH, INC., was at the time of the collision and currently is a corporation with its principal place of business located at 2200 East 88th Drive, in the City of Merrillville, in the State of Indiana 46410. At the time of the incident, the Defendant, GOUGH, INC., was the employer for the Defendant, KYLE L. LEMONS.

VII.

At all times mentioned, the Defendant, KYLE L. LEMONS, was at the time of the incident and currently is domiciled at 7478 North 300 W, in the City of Michigan City, in the State of Indiana 46360.

VIII.

At all times mentioned, the Defendant, ARTISAN AND TRUCKERS CASUALTY COMPANY, is a Wisconsin corporation, with its principal offices located at 6300 Wilson Mills Road W33, Cleveland, Ohio 44143, and at all times material herein, provided liability insurance to the Plaintiff, YOUA J. XIONG, and by reason of said insurance policy, the alleged negligence of the Defendants, GOUGH, INC., and/or KYLE L. LEMONS, and the provisions of Wis. Stat. § 803.04(2), Defendant, ARTISAN AND TRUCKERS CASUALTY COMPANY, is a proper party herein. The Defendant, ARTISAN AND TRUCKERS CASUALTY COMPANY, alleges to have made payments under the medical payment provisions of their policy, on behalf of the Plaintiff, YOUA J. XIONG, and therefore, is joined as a Defendant.

4

## JURISDICTION

IX.

Plaintiff, YOUA J. XIONG, brings his complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## ALLEGATIONS

X.

Plaintiff, YOUA J. XIONG, for his cause of action against the Defendants, GOUGH, INC. and KYLE L. LEMONS, herein, states and alleges that:

## COUNT ONE: NEGLIGENCE

XI.

At all times mentioned herein, the Plaintiff, YOUA J. XIONG, was the driver of a certain 2002 Honda Civic, in which said vehicle was owned by the Plaintiff, YOUA J. XIONG.

XII.

At all times mentioned herein, the Defendant, KYLE L. LEMONS, was an employee of the Defendant, GOUGH, INC., and was a permissive user and/or in the course and scope of his employment while operating a certain White 1999 Ford F450 Truck with a dump bed, VIN #3FDXF46F6XMA39095, in which said vehicle was owned by the Defendant, GOUGH, INC.

XIII.

At all times mentioned herein, the Defendant, KYLE L. LEMONS, was an employee of the Defendant, GOUGH, INC., and was operating said White Ford F450 Truck, as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH, INC. and with the full knowledge, consent and acquiescence of the Defendant, GOUGH, INC.

XIV.

The Defendant, KYLE L. LEMONS, was an employee of the Defendant, GOUGH, INC., and was upon information and belief, in the course and scope of his employment at the time of this collision.

XV.

On or about August 27, 2017, the Plaintiff, YOUA J. XIONG, was the driver of a vehicle that was traveling westbound on Interstate 94, in the Township of Springfield at or near Michigan City, in the County of La Porte, State of Indiana.

XVI.

On or about August 27, 2017, the Defendant, KYLE L. LEMONS, was a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH, INC., was operating said White 1999 Ford F450 Truck with a dump bed and was traveling eastbound on Interstate 94, in the Township of Springfield at or near Michigan City, in the County of La Porte, State of Indiana which was upon information and belief, level, straight and flat, and said Defendant, KYLE L. LEMONS, was negligent in violation of Indiana law when he caused a multiple car collision after the tires on his struck blew out causing him to strike a concrete traffic barrier causing flying debris from his vehicle. The Defendant, KYLE L. LEMONS, knowingly and intentionally failed to stop after causing the collision and abandoned the vehicle in which he was driving in violation of Indiana Code 9-26-1-1.1. The Defendant, KYLE L. LEMONS, was operating his vehicle while intoxicated in violation of Indiana Code 9-30-5-4.

XVII.

The Defendant, KYLE L. LEMONS, as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH, INC., used alcohol, was in possession of

6

alcohol and/or was under the influence of alcohol in the four hours prior to going on duty and operating the commercial vehicle on the date of the collision in violation of 39 C.F.R. § 392.5, 49 C.F.R. § 382.207, and Indiana Code 9-30-5-4.

XVIII.

The Defendant, KYLE L. LEMONS, as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH, INC., was on duty and under the influence of alcohol or other substance, to a degree which rendered him incapable of safely operating a commercial vehicle at the time and place of this collision in violation of 49 C.F.R. § 392.4.

XIX.

On or about August 27, 2017, the Defendant, KYLE L. LEMONS, was intoxicated while as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH, INC., as he drove said White 1999 Ford F450 Truck with a dump bed without regard for the rights and safety of others in a careless, negligent and unlawful manner, causing his vehicle to collide with a concrete traffic barrier which caused debris to fly from his overloaded truck causing a multiple car collision, one of which involved the vehicle in which the Plaintiff, YOUA J. XIONG, was a driver.

XX.

The Defendant, KYLE L. LEMONS, acted negligently and failed to exercise ordinary care when driving an overloaded truck while intoxicated in violation of Indiana state law and federal law. The Defendant, KYLE L. LEMONS, also demonstrated a willful intent to injure or reckless and wanton disregard of the rights, safety, or property of the Plaintiff, YOUA J. XIONG.

7

Case 2:19-cv-00750-PP   Filed 05/20/19   Page 7 of 11   Document 1

XXI.

As a direct and proximate result of the Defendant, KYLE L. LEMONS', negligence while as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH INC., and the resulting incident, the Plaintiff, YOUA J. XIONG, sustained bodily injuries and damage to personal property. That such injuries are of a permanent and temporary nature; that Plaintiff has suffered in the past, and will continue in the future to suffer physical and mental pain and discomfort on account of such bodily injuries; has in the past incurred medical expenses in excess of $79,670.07 and will continue in the future to incur medical expenses on account of such bodily injuries; and that by reason of said injuries has suffered pain and discomfort in an amount to be determined by a trier of fact, and property damage. The Plaintiff, YOUA J. XIONG, has incurred expenses and has generally been damaged in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

**COUNT TWO: NEGLIGENCE PER SE**

XXII.

The Plaintiff, YOUA J. XIONG, adopts the allegations contained in Count One of this Complaint and incorporates the same herein by reference.

XXIII.

On or about August 27, 2017, the Defendant, KYLE L. LEMONS, while as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH INC., was operating said vehicle on Wisconsin Highway 54 at or near County Road K, in the Town of Brockway, in the County of Jackson, in the State of Wisconsin, in violation of numerous Indiana state statutes and federal commercial vehicle regulations.

8

XXIV.

In addition to the federal violations mentioned above, other said federal violations include, but are not limited to violations of 49 C.F.R. § 392.9 for failure to properly inspect his cargo and insure that his cargo was secure and 36 C.F.R. § 4.4 for failure to report a motor vehicle accident.

XXV.

Said statutory violations include, but are not limited to violations of Indiana State Code Indiana Code 9-30-5-4 when the Defendant, KYLE L. LEMONS, while as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH INC., operated a vehicle, on the aforementioned date, under the influence of an intoxicant and/or a controlled substance with an alcohol concentration of 0.50 or more that rendered him incapable of safely driving in violation of Indiana Code 9-30-5-4. As a result, the Defendant, KYLE L. LEMONS, caused injury to the Plaintiff, YOUA J. XIONG.

XXVI.

On said date, at or near said location, the Defendant, KYLE L. LEMONS, as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH, INC., drove said vehicle in a careless, grossly negligent and unlawful manner, causing the aforementioned collision.

XXVII.

On said date, at or near said location, the Defendant, KYLE L. LEMONS, as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH,

INC., drove said vehicle and failed to maintain the tires in violation of 49 CFR §393.75 and also overloaded the tires of his vehicle in violation of 49 CFR §393.75(g).

XXVIII.

On said date, at or near said location, the Defendant, KYLE L. LEMONS, as a permissive user and/or while in the course and scope of his employment with the Defendant, GOUGH, INC., drove said vehicle and failed to properly transport and secure a load in violation of 49 CFR § 393.100.

XXIX.

As a direct and proximate result of the Defendant, KYLE L. LEMONS', statutory violations constituting negligence per se and resulting incident, the Plaintiff, YOUA J. XIONG, sustained bodily injuries and damage to personal property. That such injuries are of a permanent and temporary nature; that Plaintiff has suffered in the past, and will continue in the future to suffer physical and mental pain and discomfort on account of such bodily injuries; has in the past incurred medical expenses in excess of $79,670.07 and will continue in the future to incur medical expenses on account of such bodily injuries; and that by reason of said injuries, pain and discomfort to be determined by a trier of fact, and property damage, the Plaintiff, YOUA J. XIONG, has incurred expenses and has generally been damaged in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

WHEREFORE, Plaintiff, YOUA J. XIONG, demands judgment against the Defendants herein in a sum in excess of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, together with costs and disbursements, and any other and further relief the Court may deem just and equitable.

**GRUBER LAW OFFICES, LLC**

Dated: May 20, 2019         By:   s/ Phillip S. Georges
                                  Phillip S. Georges, SBN: 1056511
                                  Attorney for Plaintiff
                                  100 E. Wisconsin Avenue, Suite 2800
                                  Milwaukee, WI 53202
                                  Telephone No. 414.276.6666
                                  Facsimile: 414.273.4047
                                  Email: PSG@gruber-law.com