UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| YOUA J. XIONG,<br>STATE OF WISCONSIN DEPARTMENT<br>OF HEALTH SERVICES,<br>MANAGED HEALTH SERVICES INS. CORP. and<br>HOSPITAL REIMBURSEMENT SERVICES, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>OHIO SECURITY INSURANCE COMPANY,<br>GOUGH, INC.,<br>KYLE L. LEMONS and<br>ARTISAN AND TRUCKERS CASUALTY COMPANY,<br><br>　　　　　　Defendants. | Case No. 19-cv-750-pp |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO DISMISS HOSPITAL REIMBURSMENT SERVICES, INC. (DKT. NO. 4); GRANTING STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES' UNOPPOSED MOTION TO DISMISS (DKT. NO. 16) AND GRANTING DEFENDANTS' MOTIONS TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF INDIANA (DKT. NO. 7).**

On May 20, 2019, the plaintiff filed a complaint alleging claims that arose from a car accident in La Porte County, Indiana. Dkt. No. 1. The plaintiff named the State of Wisconsin Department of Health Services, Managed Health Services Insurance Corp. and Hospital Reimbursement Services as plaintiffs with possible subrogated interests. Id. at 1. He named four defendants—Ohio Security Insurance Company; Gough, Inc.; Kyle Lemons; and Artisan and Truckers Casualty Company. Id. at 1-2.

1

Ten days later, the plaintiff asked the court to dismiss Hospital Reimbursement Services, Inc. as a plaintiff. Dkt. No. 4.

Less than a month after filing the complaint, three of the four defendants filed a motion for change of venue under 28 U.S.C. §1391 or, in the alternative, for dismissal due to lack of jurisdiction. Dkt. No. 7. On the same day that the defendants filed the motion, counsel for plaintiff Youa J. Xoing filed a letter agreeing to the change of venue. Dkt. No. 13. The fourth defendant, Artisan and Truckers Casualty Company, filed an answer, cross-claim and counterclaim two days later. Dkt. No. 14.

Three days after defendant Artisan and Truckers filed its answer, the State of Wisconsin Department of Health Services filed a motion asking the court to dismiss it as a plaintiff. Dkt. No. 16.

To date, Artisan and Truckers has stated no position on the motion to transfer venue.

**I.  Plaintiff's Unopposed Motion to Dismiss Hospital Reimbursement Services, Inc. (Dkt. No. 4)**

The plaintiff indicates that Hospital Reimbursement Services, Inc. had a hospital lien for medical expenses incurred by the plaintiff, but that it has released and discharged the lien; therefore, the plaintiff asks the court to dismiss this plaintiff. Dkt. No. 4. No party has opposed the motion; the court will grant it and dismiss Hospital Reimbursement Services, Inc. as a plaintiff.

## II. Unopposed Motion to Dismiss State of Wisconsin Department of Health Services (Dkt. No. 16)

The State of Wisconsin Department of Health Services identifies itself as an involuntary plaintiff and asserts that it was "incorrectly" named as a plaintiff because it had a subrogated interest for payment of the plaintiff's medical expenses. Dkt. No. 16. DHS has asked to be dismissed, indicating that it has determined that the medical expenses it paid are below the established threshold to pursue recovery. Id. It stated in its motion to dismiss that it released and discharged its subrogation lien. Id. at 1. No party has objected to the motion; the court will grant it and dismiss DHS as a plaintiff.

## III. Defendant's Motion to Transfer Venue (Dkt. No. 7)

Three of the defendants—Ohio Security Insurance Company, Gough, Inc. and Kyle Lemons—have asked the court to transfer venue to the Northern District of Indiana. Dkt. No. 7. Along with the motion, counsel for the defendants filed a letter, indicating that his original plan had been to file a stipulation in which the defendants and the plaintiff agreed to the transfer of venue. Dkt. No. 6. The letter stated, however, that when counsel checked with the clerk of court, counsel was told "that a stipulation would not be accepted," and that he "was directed to file a motion." Id. In his letter, defense counsel asked counsel for the plaintiff to state whether he opposed the motion. Id. The same day—June 18, 2019—counsel for the plaintiffs filed a letter indicating that he did not oppose the motion for transfer of venue. Dkt. No. 13.

The court did not immediately act on this information—at the time, it was presiding over a two-week civil rights case. Six days later, DHS filed its

motion to be dismissed as a plaintiff. Dkt. No. 16. When a couple of months passed without the court ruling on these various motions, counsel began writing letters asking when the court would rule. Dkt. Nos. 19 (from the plaintiffs' counsel); 20 (from defense counsel, providing a proposed order). Eventually, counsel for DHS filed a letter, reminding the court that it had asked to be dismissed and that the court hadn't ruled on that motion. Dkt. No. 22. Counsel asked that the court rule on the motion to dismiss before deciding the motion to transfer venue and, apparently out of concern that the court wouldn't grant that request, objected to the motion to transfer venue. He asked the court to rule "as soon as possible." Id.

The court regrets that it did not rule on the parties' motions as promptly as they would have liked. Given the shortage of district court judges that has existed since September 2016 (when Judge Randa passed away) and the increase in the court's case load, as well as a heavy trial schedule, the court has not ruled on many motions as quickly as it would have liked, or as the parties would have preferred.

That said, the court notes that there is one party that has not agreed to—or objected to—change of venue: Artisan and Truckers. And even when all parties agree to a change of venue, the court must satisfy itself that venue lies in the transferee district. 28 U.S.C. §1391 provides that a civil action may brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located or (2) "a judicial district in which a substantial part of the events or omissions giving

4

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §1391(b).

The motion states that defendants Lemon and Gough, Inc. are Indiana residents, and asserts that "Best's"[1] shows that Ohio Security is a New Hampshire corporation "with a business address of 9450 Seward Road, Fairfield, Ohio, and its main administrative office at 175 Berkley Street, Boston, Massachusetts." Dkt. No. 9 at 1. The motion makes no mention of the residence of defendant Artisan and Truckers Casualty Company, but the complaint states that Artisan is a Wisconsin corporation with its principal offices in Cleveland, Ohio. Dkt. No. 1 at 4, section VIII. Section 1391(b)(1), therefore, does not support venue to the Northern District of Indiana.

The complaint alleges that on August 27, 2017, the plaintiff was driving westbound on I-94 "in the Township of Springfield at or near Michigan City, in the County of La Porte, State of Indiana," when defendant Lemons caused a collision. Dkt. No. 1 at 6, section XVI. Counsel for the defendant attached to his affidavit in support of the motion for change of venue an Indiana Officer's Standard Crash Report, indicating that the accident took place on the interstate near Michigan City. Dkt. No. 10-1. The motion alleges that "Wisconsin's only connection to the accident is the fact that the plaintiff is a resident of Wisconsin." Dkt. No 8 at 2. La Porte County in the Northern District of Indiana.

---

[1] The court does not know what "Best's" is, but a brief Internet search indicates that there is an AM Best Rating Services site for insurance companies.

5

Based on these facts, as well as on the fact that the plaintiff does not object to the change of venue (and that Artisan and Truckers has not opposed the motion), the court is satisfied that venue is proper in that district under 28 U.S.C. §1391(b)(2).

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion to dismiss Hospital Reimbursement Services, Inc. Dkt. No. 4.

The court **GRANTS** the State of Wisconsin Department of Health Services' motion to dismiss. Dkt. No. 16.

The court **GRANTS** defendants Gough Inc., Lemons, and Ohio Security Insurance Company's motion to change venue. Dkt. No. 7.

The court **ORDERS** that the clerk of courts shall transfer this case to the Northern District of Indiana.

Dated in Milwaukee, Wisconsin this 30th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**